## A. A. SKEMP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8794. Promulgated February 26, 1947.

*T. H. Skemp, Esq.*, for the petitioner.
*Jackson L. Boughner, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge*: The petitioner's briefs, in substance, contend that the situation here presented does not fall within the principles enunciated in *Helvering* v. *Clifford*, 309 U. S. 331, or *Helvering* v. *Stuart*, 317 U. S. 154, but that *Kohnstamm* v. *Pedrick*, 153 Fed. (2d) 506, applies, so that the trust income is not taxable to him. The respondent argues that the deduction for rent was properly denied, first, because

on May 12, 1941, when the trust instrument and lease were executed, the petitioner did not part with a present interest in the building involved, so that no gift in trust was made; second, because, primarily under *Helvering* v. *Clifford, supra,* and *Helvering* v. *Stuart, supra,* the petitioner retained such dominion and control over the trust property that the income remained in a family group, leaving him the owner of the property; and, third, because the income from the property was to be used and was used for the support and maintenance of his wife, it is includible in his income as in discharge of his legal obligations.

In our opinion, the respondent's position should be sustained upon the first ground, and we need not consider the application either of *Helvering* v. *Clifford, supra,* as to general taxability of trust income to the petitioner, or cases such as the *Stuart* case, *supra,* as to income used to discharge legal obligations. We have here a narrower question, to wit, whether or not petitioner is to be allowed deduction of $3,800 as rent paid upon the lease upon the building. In our view, despite the transfer of the title to the building, there was a clear reservation of a lease thereon and the case falls within the ambit of the principles announced in *Johnson* v. *Commissioner*, 86 Fed. (2d) 710. See also *Marian Bourne Elbert*, 45 B. T. A. 685. In the *Johnson* case the petitioner borrowed $400,000 from a bank and gave his wife a check in that amount. She delivered the check in trust to a trust company, her trust instrument requiring in part that the trustee should make a loan to the petitioner upon his request. He so requested five days later, and the $400,000 was loaned to him upon his agreement to pay to the trust 6 per cent interest. The question was as to the deductibility of the interest by him. The court held, in short, that the petitioner had in fact made no gift to his wife of the $400,000; that it was agreed that the money was to be used in a certain way, that is, placed in trust to be loaned to him; that everything was a part of the same transaction; that he never lost control of the "gift"; and that neither his wife nor the trustee had possession of it free from a duty to return it to him. Therefore, the court said, the gift failed and amounted only to a gratuitous promise to make a gift in the future, so that the interest payments were really gratuities and the deduction thereof was properly disallowed.

The facts in this case disclose that the petitioner placed in trust for his wife and children, irrevocably and never to return to him, the title to the building involved here, but considering the trust instrument and the lease executed the same day as part and parcel of the same contract and conveyance, as we must and do, under well settled rules, it appears equally plain that in substance and fact he reserved from such transfer of the title a lease to himself, but was to pay $500 per month to the trustee, for benefit of his wife, for two years, and

thereafter up to 20 years to pay an amount set by an arbitrator in case of disagreement between petitioner and the trustee.

Assuming, without deciding, that the title to the property passed to the trust, for the wife and children, we can not see in the circumstances before us a passing to the trust of that degree of dominion and control, *in praesenti*, as to the leasehold estate which is requisite to passage of a gift. *Adolph Weil*, 31 B. T. A. 899, and citations therein. The petitioner had complete control, for at least the first two years, of the leasehold. He "never lost control." *Preston* v. *Commissioner*, 132 Fed. (2d) 763. We decline to view the facts before us as indicating a transfer of title to the trust, and then a lease by the trust to the petitioner. By the trust instrument he reserved right to a lease; and it was executed the same day. We should not close our eyes to reality; and the reality is that the $500 rental for two years was a part of the transaction between petitioner and the trust on May 12, 1941. The $500 rental can not realistically be viewed as set by anyone but the petitioner, while setting up the trust. Thus there emerges the same mere promise to make a gift of $500 a month for two years as was the promise to pay "interest" in the *Johnson* case. The petitioner is seen to have reserved from the transfer in trust a leasehold estate, carved out of the fee, promising to pay the trust for his wife or children $500 a month. The leasehold estate in truth will pass to the trust only at the end of the lease, and the rentals appear as mere payments to the trust, promised for the future. We need not in this case, involving the first year, consider the situation after the two-year period—though there again it is obvious that the petitioner was largely in control, for if the rent was not satisfactory to him, an arbitrator, and not the trustee, could set it, and, since the rental money was to go to petitioner's wife or children, the petitioner was not greatly interested in the amount. He would not feel himself materially poorer by paying a higher rent. In addition, the elements of control over sale, mortgage, or exchange of the property, retained to the petitioner by the trust instrument, emphasize the lack of the necessary elements of gift of the leasehold so as to justify deductions for rent. The petitioner, as owner of the property and settlor, could have reserved to himself the lease, with no rent payable. The arrangement to pay $500 a month to the trustee, for benefit of his family, thus appears as "gratuitous payments," as the interest is called in the *Johnson* case, and not a real payment of deductible rent. The principle of the *Johnson* case applies and we hold that the $3,800 was not a deductible expense. This conclusion renders discussion of other arguments unnecessary.

Reviewed by the Court.

*Decision will be entered for the respondent.*

BLACK, *J.*, dissenting: I do not think the Second Circuit's decision in *Johnson* v. *Commissioner*, 86 Fed. (2d) 710, is controlling in this proceeding. The facts in the *Johnson* case were very different from those which are present in the instant case. In the *Johnson* case the court, in the very first part of its opinion, drew attention to the controlling facts in the following language:

\* \* \* The facts reveal an ingenious attempt to reduce taxes by means of a plan which was intended to give the character of interest payments to money used to pay insurance premiums on policies upon the life of the petitioner. There were 15 such policies, all of them payable to his wife. The total annual premiums amounted to about $21,000, and prior to the year 1931 Mr. Johnson had paid them. In that year money for the premiums was provided pursuant to the transactions which are now to be described.

The court then went on to describe in detail the facts upon which it held that the alleged gift was not a gift at all, but a mere gesture.

We have no such facts in the instant case. The taxpayer did not set up a trust under which the trustee was to use the net income to discharge some debt or obligation of the settlor, as was the case in *Johnson* v. *Commissioner*, *supra*. Here the taxpayer set up what seems to me a perfectly legal trust for the benefit of his wife and eight children. Notwithstanding the multitude of decisions under *Helvering* v. *Clifford*, 309 U. S. 331, some of them contradictory and confusing, a husband and father can still set up a trust for the benefit of his wife and children and not be taxable on the income therefrom. The La Crosse Trust Co., with which petitioner was not connected as a stockholder, officer, or employee, was made trustee of the trust. The net income of the trust in each year was to be paid to Ellen Skemp, wife of the settlor, during her life in as nearly equal monthly installments as shall be practicable. Remainder was to go to the settlor's children. During the taxable year the trustee paid $2,850 from the income of the trust to Ellen Skemp, the life beneficiary of the trust, and she was privileged to use the income in any way she pleased.

I know of no reason why petitioner should be denied the deduction for rent which he claims. The majority opinion makes no holding that this is a *Helvering* v. *Clifford* case and I certainly do not think that it is. The holding of the majority is that the facts bring it within the ambit of the *Johnson* case and that this is so because the petitioner-settlor reserved an option to rent the property from the trustee at a "rental to be determined by the trustee." As I have already pointed out, the trustee was a corporation in which petitioner was not a stockholder, officer, or employee. What reason is there to suspect that the trustee would rent to petitioner for any less amount than could be obtained in an arm's length transaction? None that I know of, and the findings of fact do not apprise me of any. The $500 per month which petitioner paid as rental for these premises was fair, so

far as the record shows. If it was not a fair rental it would doubtless have been very easy for the Commissioner to show that fact to bolster up his case. He made no effort to do so. Therefore, we may safely assume, and I do assume, that the $500 per month represented a fair rental for the premises. The petitioner had made a complete conveyance of the two-story building in question to the trustee. It was beyond his recall. I think that without doubt he would be taxable on the value of the property as a taxable gift. Therefore, I see no reason whatever why petitioner should not be allowed a deduction in the taxable year for the $3,800 rent which he paid to the trustee for the rental of the building, title to which was vested in the trustee and in which petitioner's wife and eight children owned the beneficial interest.

Because of the foregoing reasons, I respectfully dissent.

TYSON, *J.*, agrees with this dissent.