HELEN C. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EARL M. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15727, 15728. Promulgated June 21, 1949.

*George E. H. Goodner, Esq.,* and *Scott P. Crampton, Esq.,* for the petitioners.

*J. Harrison Miller, Esq.,* for the respondent.

OPINION.

LEECH, *Judge*: The principal issue is whether petitioners are entitled to deduct the amounts paid in 1944 to two trusts, either as rents or royalties, or as ordinary and necessary expenses of their partnership business under the provisions of section 23 (a) (1) (A) of the Internal Revenue Code.[1] Petitioners contend that the respective amounts are deductible under the rationale of *Skemp* v. *Commissioner*, 168 Fed. (2d) 598, reversing 8 T. C. 415. The respondent's position

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

is that the plan devised and executed by petitioners, under which they transferred certain properties to a trustee for the benefit of their minor sons on the condition that these properties were to be leased back to petitioners in consideration of the payment of "royalties" and "rentals" for use of such properties, constituted in fact an assignment or allocation by them of their partnership profits to their two minor sons, and that the amounts of those "royalties" and "rentals" are, therefore, not deductible as such or otherwise as a business expense, under section 23 (a) (1) (A) of the Internal Revenue Code.

Where transactions, such as these, involve the members of an intimate family group, "the question is always whether the transaction under scrutiny is in reality what it appears to be in form." *Johnson v. Commissioner*, 86 Fed. (2d) 710, affirming 33 B. T. A. 1003.

Neither the mechanics employed nor the legal designations, i. e., "rents" and/or "royalties," are controlling. The issue is simply whether the transactions under consideration, i. e., the "gift" and "lease" upon "rents" and/or "royalties," were, in fact, an assignment or allocation by petitioners of their partnership income to the trusts for the children in the amount of the "royalties" and "rents" paid by petitioners. If the answer to that question is in the affirmative, then, of course, the amounts so paid to the trusts are not expenses at all and are, therefore, not deductible under section 23 (a) (1) (A) of the Internal Revenue Code. And, in arriving at the correct answer to the question, the fundamental inquiry is whether the "gift" by petitioners to the trusts for the children and the "lease" of the subject matter of the "gift" by the trusts to the petitioners were, for present purposes, separate transactions or integrated steps in a single transaction. Thus, for income tax purposes, if A purports to give B $10,000, with the understanding that B will buy 100 shares of X stock from A, and B does so, the "gift" and "purchase" are not separable. A single integrated transaction occurred and that was not a gift of $10,000 from A to B, but a gift of 100 shares of X stock. Since the parties, before the transfer of the $10,000, agreed that the "donee" should use the "gift" to buy the stock from the "donor," the "gift" and the following "purchase" are integrated steps in the same single transaction and, when so treated, A, in fact, never actually gave away the $10,000. All that happened was a gift by A to B of 100 shares of X stock. *Manning v. Gagne*, 27 Fed. Supp. 286; affd., 108 Fed. (2d) 718; *Smith v. Hoey* (unreported officially, Dis. Ct. N. Y.), 34 A. F. T. R. 1704; affd., 153 Fed. (2d) 846; *Percy C. Madeira*, 36 B. T. A. 456; reversed, 98 Fed. (2d) 556.

What does the record here reveal? Petitioners, as partners, were engaged in mining coal from several properties. In carrying on those operations they had acquired a large amount of appropriate equipment. For some time they had made use of a railroad siding for load-

ing the coal for shipment, for which they paid rental on a tonnage basis. In June 1943 they acquired title to the acreage upon which the railroad siding was located. On September 29, 1943, they acquired title to an additional 35 acres of coal property. These properties were acquired by petitioners with the purpose and intent of using them, as well as their other property and equipment, in the coal-mining operations of the partnership. In fact, to have separated such properties from the partnership coal business would have materially interfered with the conduct of that business and also curtailed the use of their large investment in equipment.

Petitioners, so far as the record reveals, did not intend that any benefit, advantage, or consideration should result to or be received by the partnership in its business by the arrangement under scrutiny. Nor does the evidence disclose that such was a result. No such contentions were even made. Cf. *Catherine G. Armston*, 12 T. C. 539. But, petitioners did have at least two major purposes. These purposes were to provide financial security for the petitioners' children and, at the same time, leave the partnership coal business and the properties used therein undisturbed under the continued management and control of the partnership consisting of petitioners. The plan of the "gift" and "lease," adopted and carried out, met those purposes. The "gift" to the trusts would not have occurred except upon the condition that the "lease" back to petitioners of the subject matter of the "gift" would follow. Obviously, we think, as found as a fact, the "gift" and "lease" were interdependent, and they constitute but a single transaction for present purposes. Petitioners never intended to and in fact never did part with their right to mine the coal from the acreage and load and ship the same from the siding, which they transferred to the trusts. They merely intended and made a gift of their partnership income in the amounts of the contested "rents" and "royalties" to the trusts for their children. It follows that these amounts are, therefore, neither "rents," nor "royalties," nor ordinary or necessary expenses of the business carried on by the petitioners within the provisions of section 23 (a) (1) (A) of the Internal Revenue Code, nor deductible as such. The respondent's disallowance of the deductions as such is sustained. *Ingle Coal Corporation*, 10 T. C. 1199; affd., 174 Fed. (2d) 569; *Granberg Equipment, Inc.*, 11 T. C. 704; *A. A. Skemp*, 8 T. C. 415; *Paul G. Greene*, 7 T. C. 142; *Catherine G. Armston, supra*.

Petitioners rely upon the reversal of this Court in the *Skemp* case, *supra*, by the Circuit Court of Appeals for the Seventh Circuit. In *Catherine G. Armston, supra*, however, we took note of that action of the Circuit Court and, after due consideration, respectfully refrained from following it. We adhere to that position.

The second issue involves the question as to the treatment to be accorded the receipt of the sum of $26. This sum represents moneys paid to petitioners by H. F. Bigler, Jr., for the use of the railroad siding. Petitioners had the exclusive right to occupy and use the siding and were using it in the production of income. We think the payment was incidental to such use and was business income of petitioners. No contention is made that petitioners' receipt from a third party of such insignificant amount constituted a subletting in violation of the lease. For lack of proof, we sustain respondent's determination that the $26 was business income of petitioners in the taxable year 1944.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

ARUNDELL, *J.*, dissenting: The evidence in this case establishes that the petitioners unconditionally and irrevocably conveyed a coal lease and the lease to a railroad siding to two trusts established for the benefit of their minor children. Immediately thereafter the trustee, who was an independent trustee, leased these properties to petitioners on a royalty basis, which was reasonable in amount. The Commissioner does not contend that the trusts were not bona fide but that the royalties paid by petitioners to the trusts do not constitute ordinary and necessary expenses within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code. The majority opinion takes the view that the agreement between petitioners and the trusts constituted a gift of partnership income, although the evidence is clear that the sums paid by petitioners to the trusts by way of royalties were in nowise dependent upon the earning of any income on the part of petitioners, and petitioners were legally liable to the trusts for the royalties, even if their operations had resulted in a loss.

In my opinion, the undisputed facts bring this case within the principle stated by the Seventh Circuit Court of Appeals in *Skemp* v. *Commissioner*, 168 Fed. (2d) 598, in which opinion the court stated:

The Commissioner argues that the payments as rent were not required because the taxpayer had voluntarily entered into the transaction. While the taxpayer voluntarily created the situation which required the payments of rent, the fact remains that the situation created did require the payments. In this case we have a valid, irrevocable trust, wholly divesting the taxpayer of any interest in the trust property, and an agreement by the taxpayer to pay the trustee a reasonable rental under a valid lease. The income from the property is not claimed in this proceeding to be that of the taxpayer. We have here only a question of deduction of rental from gross income. There can be no question but what rent required to be paid is properly deductible. The trustee was duty bound to exact rent of the taxpayer and the taxpayer was legally bound to pay it, just as much as if the taxpayer had moved across the street into the property of a third party.

The majority relies on *Ingle Coal Corporation*, 10 T. C. 1199, which case was affirmed by the Court of Appeals for the Seventh Circuit, the same court which reversed our decision in *A. A. Skemp*, 8 T. C. 415. It is significant to note that in affirming *Ingle Coal Corporation* the appellate court adhered to its holding in *Skemp* v. *Commissioner*, *supra*, and pointed out what it considered to be the fundamental distinction between the two cases, viz., that "In the case before us [*Ingle Coal*] the transfer of property was not to an independent third party, but to a corporation which the same stockholders controlled, and who had it within their power to change or erase the overriding royalty obligations at any time that they chose to do so," while in the *Skemp* case there was a change in the taxpayer's economic status and he could only occupy the building by paying the rent fixed by the trustee. As already stated, the facts in the instant case in my opinion bring it within the principle of *Skemp*, *supra*, and distinguish it from *Ingle Coal*, *supra*.

I can detect no sham in the transaction entered into by petitioners with the two trusts. As already stated, there was an absolute and unconditional conveyance of all right and title in the properties from the petitioners to the trustee which completely divested petitioners of all interest therein. Whatever interest the petitioners subsequently acquired was obtained by virtue of valid leases which provided for the payment of reasonable rentals and royalties. The royalties and rentals paid by petitioners to the trustee of the two trusts, to paraphrase the language of section 23 (a) (1) (A), were royalties or other payments required to be made as the condition to the continued use or possession, for the purpose of the trade or business, of property to which the taxpayers had not taken and were not taking title or in which they had no equity.

I think the petitioners should prevail.

VAN FOSSAN, MURDOCK, BLACK, TYSON, and LEMIRE, *JJ.*, agree with this dissent.