Raymund M. Cassidy v. Commissioner.
Cassidy v. Commissioner
Docket No. 24110.
United States Tax Court
1951 Tax Ct. Memo LEXIS 191; 10 T.C.M. (CCH) 573; T.C.M. (RIA) 51182; June 15, 1951
John S. Pennell, Esq., for the petitioner. Harold H. Hart, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined deficiencies in income tax for the years 1943 and 1944 in the respective amounts of $1,274.55 and $1,721.58. The year 1942 is involved because of the provisions of the Current Tax Payment Act. There are two issues: (1) The amount of expenditures for the operation of an automobile which can be deducted in each of the years involved as business expense under section 23(a)(1)(A) of the Code, and (2) whether the income which the petitioner received from a business which he conducted can be reduced by the amount of $1,240 in each of the years involved on account *192 of the payment of that sum in each year to his wife. The petitioner contends that certain equipment was owned by his wife; that she rented it to the petitioner for use in his business; and that, therefore, the payments constituted rent and are deductible under section 23(a)(1)(A) of the Code. The petitioner filed his returns with the collector for the first district of Illinois. Findings of Fact The petitioner resides in Elburn, Kane County, Illinois. His wife is Elizabeth Cassidy, whom he married in 1936. During the taxable years she resided with the petitioner at Elburn. The petitioner is a physician, specializing in X-ray diagnosis and therapy. During the taxable years the petitioner maintained his own office in Oak Park, Illinois, where he was engaged in professional practice; he was on the staff of St. Anne's Hospital in Chicago, serving as a radiographic technician; he was in charge of the X-ray department of Douglas Aircraft at Park Ridge, Illinois; and, in addition to his professional work, he operated a farm near Elburn with a tenant on a share-crop basis. It was necessary for the petitioner to operate an automobile in the conduct of all of his business activities *193 in 1942, 1943, and 1944, but he drove his car from his home to his places of business, and return during each year. During 1942 and 1943, 75 per cent of the use of the automobile in question was for business use and 25 per cent was for personal use. The automobile expenses for personal use amounted to only $293.45 in 1942 and $276.74 in 1943, and the respondent erred in determining that the automobile expenses for personal use amounted to $586.90 in 1942 and $553.45 in 1943, in disallowing deductions of those amounts, and in adding those amounts to income. The petitioner overstated automobile expense for 1944 to the extent of $400, and the respondent properly disallowed deduction of said amount. During 1944, 80 per cent of the use of the automobile in question was for business use and 20 per cent was for personal use. The automobile expense for personal use amounted to only $248.91 during 1944, and the respondent erred in disallowing deduction of automobile expenses in the amount of $684.49 in 1944 and in adding that amount to income. The petitioner owned X-ray equipment for diagnoses and therapy. The equipment was purchased in 1936 at a cost of $14,750.50. It was located in *194 the petitioner's office in Oak Park where he carried on his professional practice. The petitioner computed annual depreciation of the equipment on the basis of a useful life of ten years and took annual depreciation deduction for the equipment in the amount of $1,475.05. On December 29, 1938, the petitioner executed a conveyance of two pieces of X-ray equipment, located in his Oak Park office, to his wife. The instrument was recorded in Cook County in the Recorder's Office. It was recited in the instrument that the property described was transferred as a gift, and that the property was located at offices in the Forsyth Building in Oak Park, which is the location of the petitioner's office. Among other things, the conveyance provided as follows: "As a part of the consideration for my continued use of the above equipment, it is understood that in the annual distribution of profits for a period of twenty years or less, Elizabeth E. Cassidy shall receive a cumulative preference of 10% thereof, that is, out of the annual profits there shall first be a distribution to her up to 10% on her share of the capital investment (represented by the above equipment valued at $5,000.00, but not *195 excluding other equipment which she may subsequently own) and also to cover any deficiency from said 10% in any previous years, after which any surplus profits shall then be distributed to Raymund M. Cassidy as his personal earnings." On January 26, 1939, and on January 2, 1940, the petitioner executed instruments conveying additional X-ray equipment, located in his Oak Park office, to his wife by gift. In each instrument the above quoted clause was incorporated. The depreciated value of the equipment transferred by each instrument was, on the date thereof, $4,800; $3,682; and $3,918; total, $12,400. In the petitioner's profession of X-ray therapy, the patient may suffer X-ray burns of some degree, and the petitioner had concern about the possibility of injury suits for damages. One of the reasons of the petitioner for conveying X-ray equipment to his wife was to remove the equipment from the reach of attachment by judgment creditors. The petitioner desired, also, to give his wife some property. At the time of each conveyance of equipment to his wife, the petitioner intended to retain the equipment in his office and to continue to use it in his professional work. He retained and *196 used the equipment. Partnership returns were filed for 1942, 1943, and 1944 for a partnership designated "R.M. and E. E. Cassidy," in which the members of the partnership were said to be the petitioner and his wife, E. E. Cassidy, and the date of the organization of the partnership was reported as January 2, 1939. Each return was prepared by J. G. Dingle, an accountant. The returns for 1942 and 1944 were signed and sworn to by the petitioner. The return for 1943 was signed by J. G. Dingle only. In each partnership return, deduction was taken for depreciation on equipment and furniture and fixtures. Included in the equipment for which depreciation deduction was taken was the equipment which the petitioner had conveyed to his wife, the total cost of which was $14,750.50, all of which was purchased in 1936. The annual depreciation reported was $1,475.05. The respondent, in auditing the partnership returns, allowed the depreciation deductions. In each partnership return, the partners' shares of income, Schedule I, were reported in the following way: Mrs. Cassidy's share in each of the taxable years was $1,240, 10 per cent of the depreciated value of all of the equipment as of the *197 dates of the gifts to her; and the petitioner's share was reported in the amount of the balance of the net income for the year - $4,858.56 for 1942; $7,823.14 for 1943; and $7,434.41 for 1944. The petitioner paid by checks $1,240 to his wife in December of 1942, 1943, and 1944. She deposited the checks in a bank account. With respect to petitioner's use of the X-ray equipment in question in his office and the share of his wife in the net income of the office, there was no written agreement other than the instruments conveying the equipment to Mrs. Cassidy. She has never rendered any services in the office of the petitioner. She is a housewife, and her household duties constituted her chief pursuit in each of the taxable years. The professional work of the petitioner in his Oak Park X-ray laboratory involves personal services which he gives to his patients. All of the income of that office in the taxable years was derived from treatments given to patients by the petitioner, or under his direction. The respondent has determined that the petitioner is taxable on the income of the Oak Park office which he paid to his wife in each of the taxable years. His explanation for his determination *198 in each year is as follows: "(a) It is held that during the taxable year 1942 the X-Ray Laboratory operated as R.M. and E. E. Cassidy at 317 Forsyth Building, Oak Park, Illinois, constituted your individual profession and was not a partnership which may be recognized for Federal income tax purposes. Accordingly, the income reported by your wife, Elizabeth E. Cassidy, as received from this partnership in the amount of $1,240.00 for the year 1942 has been included in your income for said year, under the provisions of Section 22(a) of the Internal Revenue Code." Opinion Issue 1. Automobile expense as business expense. The chief question to be decided under this issue is the proportion of the total use of an automobile by the petitioner in each of the years involved in the conduct of business. The question is a question of fact. The petitioner contends that 75 per cent of the use of an automobile in 1942 and 1943 was in the conduct of his business activities, and that 100 per cent of the use in 1944 was in the conduct of business. The respondent has determined that only 25 per cent of the use of the automobile was in the conduct of business in 1942 and 1943, *199 and that about 19 per cent of the use in 1944 was in the conduct of business. Consideration is given first to the year 1944. The evidence shows that in 1944 the petitioner used his automobile, inter alia, to transport himself to and from his place of residence, from and to his places of business, which included a farm. That was true during 1942 and 1943, also. It is a well settled rule of law that the expense of transportation from one's place of residence to a place of business, and vice versa, is a personal expense and is not deductible. Frank H. Sullivan, 1 B.T.A. 93; J. R. James, 2 B.T.A. 1071; Harry F. Canelo, 41 B.T.A. 713, 733. The evidence in this proceeding shows that in each year petitioner's visits to patients from his home were not a large factor in his use of his automobile. He made comparatively infrequent calls on patients during each year. The petitioner's practice was chiefly at his Oak Park office, St. Anne's Hospital, and Douglas Aircraft. There is no evidence to show the number or extent of trips made directly from the residence of the petitioner to the homes of patients. Therefore, the extent to which calls on patients might *200 diminish the allocation of automobile expense to personal expense because of transportation from petitioner's home directly to the homes of patients is not a factor of importance, as it might be if the petitioner's medical practice involved substantial numbers of house visits to patients in each year. Upon the evidence, it must be concluded that in 1944 part of the use of an automobile was for transportation from the petitioner's residence to a place of business, and return. It follows that the petitioner's contention that all of his use of an automobile during 1944 was in the conduct of his business activities must be overruled. The foregoing conclusion narrows the issue to the general question of the proportion of automobile use in the pursuit of business in each year. The petitioner is unable to establish precisely the extent of the use of an automobile in the conduct of all of his business activities, but he has overcome the prima facie correctness of the respondent's determination. He has introduced evidence upon which the Court can and does make an approximation of business use and of personal use in each year under the rule of Cohan v. Commissioner, 39 Fed. (2d) 540, 544. *201 Accordingly, it has been found as a fact that in 1942 and 1943, 75 per cent of the total use of an automobile was for business use and that in 1944, 80 per cent was for business use. It is held that 75 per cent of petitioner's automobile expenses in 1942 and 1943 and 80 per cent of the expenses in 1944 are deductible as business expense under section 23(a)(1)(A) of the Code. The respondent's determinations for 1942 and 1943 are reversed, and the respondent's determination for 1944 is reversed in part. Effect will be given to these holdings in the recomputation under Rule 50. Issue 2. The petitioner has alleged in his petition, under this issue, that - "the Commissioner erroneously disallowed annual payments to petitioner's wife, Elizabeth E. Cassidy, of $1,240 in 1942, $1,240 for 1943, and $1,240 for 1944, or a total disallowance of $3,720." Also, under the allegations of facts set forth in the petition, the petitioner has quoted from the instruments of conveyance, the provision which is set forth in our findings of fact; and he has alleged that the equipment was owned by Elizabeth Cassidy, and that he paid her $1,240 in each year for the "use" of the equipment. Although in *202 the notice of deficiency, the Commissioner stated that his determinations were based upon his conclusion that the petitioner's X-ray laboratory constituted his "individual profession and was not a partnership which may be recognized for Federal income tax purposes," the petition contains no allegation relating to the partnership for which partnership returns were filed. It is observed, also, that the petitioner in his petition does not categorically claim a deduction for rent, although in the allegations of facts the expression "for which use" appears. The contention that the payments to Mrs. Cassidy were rent was clearly made for the first time when this proceeding came to trial. The petitioner certainly understood when he filed his petition in this Court that he had been allowed deductions for depreciation on the equipment in question in each year in the amount of $1,475.05. It must be presumed that he knows the rule that deduction for depreciation of property is allowed by the statute as a means of achieving recovery of capital through allowances for depreciation, Weiss v. Wiener, 279 U.S. 333, and Iten Biscuit Co., 25 B.T.A. 870, 877, and that a taxpayer *203 who has disposed of property in some way, such as by gift, so that his capital is no longer represented by the property, can not receive depreciation deductions on the property after it has been disposed of. In the face of this rule, the petition is silent on the matter of the deductions for depreciation which the petitioner has received in each of the taxable years. On brief, the petitioner attempts to meet this situation by arguing that the deduction of $1,475.05 which has been allowed in each year for depreciation of the equipment in question should be regarded now as a deduction for rent, and in addition the petitioner asks for a further deduction for "rent" in each year in the amount of $1,240, so that he would, if his contentions were sustained, receive a total deduction in each year for "rent" of $2,715.05. The contention is both ingenious and novel. Also, it is without merit. The tax returns for petitioner's Oak Park X-ray laboratory - the partnership returns - were prepared on the cash basis, as were the individual returns of the petitioner. The petitioner paid his wife only $1,240 in each of the taxable years. Assuming, without deciding, that bona fide transfers of the *204 equipment were made to Mrs. Cassidy, and that she was entitled to receive rental payments from the petitioner for his use of the equipment, the petitioner, reporting income on the cash basis, would be entitled to deduct only what he paid in each year for the use of the equipment, which payment was only $1,240, and no more. We reject the contention of the petitioner that he be allowed deduction with respect to the equipment of any more than $1,240 in each year, under his present theory. Following the petitioner's present theory through would require the filing of amended returns by the petitioner and by Mrs. Cassidy, each of whom filed separate returns. No amended returns have been filed, according to the record in this proceeding. The petitioner, in his amended, individual returns, if he filed them, would report all of the income and the expenses of his Oak Park office, carried on as a sole proprietorship rather than as a partnership; he would not take deductions for depreciation of $1,475.05 each year, but he would take rent deductions of $1,240 each year. Mrs. Cassidy, in her amended, individual returns, if she filed them, would report, correspondingly, income of $1,240 from rent *205 and would deduct $1,240 for depreciation. All of this is obvious, as well as academic. It is set forth by way of answering some of petitioner's arguments on brief. The respondent has not moved to amend his answer, so as to make a contention that the petitioner now is not entitled to the depreciation deductions which have been allowed in each year in the amount of $1,475.05. Of course, the respondent has taken the view all along that the petitioner owned the equipment in question and that he is entitled to receive depreciation deductions. He could not now, consistently, contend that the petitioner is not entitled to receive depreciation deductions. The issue now under consideration became moot when the petitioner, at the trial, abandoned his claim that his X-ray laboratory business was carried on by a partnership, adopted the position that it was carried on as a sole proprietorship, and made the contention, also, that the equipment in question was not owned by a partnership "business" but was owned by his wife and was only rented from her. In the situation as it now stands, accepting the theory of the petitioner, he has received deduction for $1,240 in each year. In fact, he has *206 received deduction for $235.05 more in each year than the alleged rent payments of $1,240. Respondent has passed over this point by not amending his answer to claim that the excess of $235.05 should not be allowed and by failing to move for increase in the deficiency because of this item under section 272(e) of the Code. All that we can do under this issue is to leave the parties where we found them. Our obligation is to redetermine the correct income tax liability of the petitioner. He is not entitled to any further deduction than he has received with respect to the equipment in question under his own recently adopted theory. It follows, even under his own theory, that the increase in the petitioner's income by the amount of $1,240 in each year must be sustained, so that he shall not receive a double deduction for the one item in dispute under this issue. This conclusion has the unusual characteristic of satisfying each party, albeit for different reasons. This issue is one which in reality has been abandoned by the petitioner, at least insofar as any consideration of it could possibly make any difference in tax. The time of the Court has been unnecessarily consumed with deliberation *207 over an academic question. In order that it may be understood how a moot question has come to this Court for consideration, it should be mentioned that the petitioner desires to have this Court hold that this proceeding comes within the rule of Skemp v. Commissioner, 168 Fed. (2d) 598, which was decided by the Court of Appeals for the Seventh Circuit on June 8, 1948, which was after partnership returns had been filed by the petitioner for his Oak Park X-ray laboratory office and before the petition was filed in this Court. It is unnecessary to decide in this proceeding whether the Skemp case does or does not apply. If we held that it did apply, which we do not undertake to do, the petitioner's net income from his Oak Park office for each of the taxable years, and his income taxes, would not be any less than has been determined by the respondent. If we held that the Skemp case did not apply, petitioner's income taxes for the taxable years would not be one penny more than the respondent has determined. During the trial of this cause, the Division of this Court to which it was tried undertook to decide this issue from the bench, even though written findings of fact and *208 conclusions of law, under the statute governing this tribunal, would have to be made. From the foregoing, it can be understood that the Court found this issue somewhat puzzling during the trial. Counsel for the petitioner failed to cite the Skemp case to the Court during the trial. After the cause was submitted and before any briefs were filed, none having been requested by the Court, it became evident to the Court that the petitioner probably was relying upon the Skemp case, which reversed this Court in A. A. Skemp, 8 T.C. 415. The parties were then directed to file briefs, because this Court has questioned the correctness of Skemp v. Commissioner, supra, and has respectfully refrained from following it. See Catherine G. Armston, 12 T.C. 539, 550, aff'd sub nom. Armston Co., Inc. v. Commissioner, 188 Fed. (2d) 531 (C.A. 5, April 25, 1951), and Helen C. Brown, 12 T.C. 1095, reversed, 180 Fed. (2d) 926 (C.A. 3, 1950), certiorari denied, 340 U.S. 814. The petitioner, on brief, has relied primarily upon the Skemp case. It may be observed, in passing, that the facts in this proceeding differ in *209 several respects from the facts in the Skemp case, especially in the matter of the original contention of the petitioner that a partnership was created with his wife as a copartner on January 2, 1939, to which his wife was alleged to have contributed the X-ray equipment in question. Otherwise, since the question here is moot, we refrain from considering whether the Skemp case applies here. Under this issue it is held that petitioner's income for each of the taxable years has been increased, properly, by the amount of $1,240. The holding made under the first issue requires recomputation of taxes by the parties under Rule 50. Decision will be entered under Rule 50.