Appeal of **FRANK H. SULLIVAN.**       **Docket No. 249.**

The cost of transportation paid by an individual living at a distance from his place of business, in going to and returning from such place of business, is not deductible as a business expense. The operating cost, including depreciation, of an automobile so used by an individual is not deductible as a business expense.

Submitted November 20, 1924; decided November 26, 1924.

*Edward W. Lake, Esq.*, for the taxpayer.

*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

FINDINGS OF FACT.

1. Frank H. Sullivan, an individual, is an attorney practicing his profession in the city of St. Louis, Mo., as a member of the partnership Jones, Hocker, Sullivan & Angert. During the years 1919, 1920, and until November 1, 1921, the taxpayer resided on Berry Road, south of Manchester Road, out of Webster Groves, Mo., which is distant from his office in St. Louis about 50 minutes ride by automobile. The residence of the taxpayer was about 1½ miles from the railroad and about 1 mile from the street car.

2. During the period in question the means of transportation to his office and return, employed by the taxpayer, was exclusively that of an automobile owned by him. Practically the entire use of the automobile was employed by the taxpayer in going to his office and returning thence to his residence. Other employment of this automobile was negligible.

3. There was no agreement of any kind between this taxpayer and the other members of his partnership respecting the use of this car. There was no such agreement requiring or authorizing the taxpayer to furnish or use an automobile for purposes of the partnership.

4. The taxpayer filed income-tax returns for the years 1919, 1920, and 1921 upon audit of which the Commissioner of Internal Revenue determined a deficiency in tax to exist for the years just mentioned. On August 7, 1924, the Commissioner mailed to the taxpayer a registered letter advising him of a proposed additional assessment of tax.

5. On September 5, 1924, the taxpayer initiated this appeal by filing a petition with the Board. In his petition, the taxpayer, as an offset to the deficiency referred to, claims the right to deduct from gross income the sum of $2,100 as cost of operating the automobile hereinabove referred to, including depreciation thereof, for the years 1916 to 1920, inclusive, and for the first 10 months of the

year 1921. Such deduction is claimed by the taxpayer as an ordinary and necessary expense paid during the years in question in carrying on a trade or business and for wear and tear of property used in the trade or business. The Commissioner denies that this expense was a business expense within the meaning of the statute and contends that it is a personal expense for traveling and is not deductible.

DECISION.

The determination of the Commissioner is approved.

OPINION.

KORNER: The only question involved in this appeal is whether an individual who lives at a distance from his place of business may deduct as a business expense the cost of his transportation from his home to his office and return. Section 214 of the Revenue Acts of 1918 and 1921 provides, in part:

SEC. 214. (a) In computing net income there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *
(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

Section 215 of the Revenue Acts of 1918 and 1921 provides, in part:

SEC. 215. That in computing net income no deduction shall in any case be allowed in respect of—
(a) Personal, living, or family expenses.

The provisions of the Acts of October 3, 1913, and September 8, 1916, are to the same effect. (See sec. 2, subdivision B, Act of October 3, 1913, and sec. 5 (a) of the Act of September 8, 1916.)

Transportation expenses in connection with travel undertaken *for and on account of business* are necessary expenses of business. Whether such expenses are paid for and on account of business must be determined by the facts in each case. If they are incurred for other than business purposes, they are personal expenses.

The deduction authorized by the sections of the statute, quoted above, plainly contemplates necessary items of expense in conducting business, that is, growing out of and incurred solely in the furtherance of the business engaged in. Business expenses are those incurred in producing, or in the expectation of producing, revenues to the business, as distinguished from expenses incurred for the convenience, comfort, or economy of the individual in pursuing his business. They are the expenses necessarily incurred in the performance of his business duties, and not those incurred by the individual for his personal comfort or convenience.

The facts in this appeal differ in no respect from the case of the expenses of a commuter in traveling to and from his place of employment. The rulings of the Commissioner, in such cases are consistent and of long standing to the effect that such expenses are personal and are not deductible. His reasoning is well set forth in S. M. 1048 (I C. B. 101) as follows:

Obviously an individual is free to fix his residence wherever he chooses. He fixes it according to his personal convenience and inclinations, as a matter separate and apart from business. Any expense, therefore, incident to such residence as fixed by the individual is a matter personal to him. If he prefers, for personal reasons, to live in a different city from that in which his business or employment is located, any expense incident to so doing is the result of decision based upon personal convenience and preference, and it is not the result of anything undertaken for business purposes and, therefore, is not a business expense.

We are of opinion that the position of the Commissioner in this respect is sound.

In the English case of *Cook* v. *Knott* in the High Court of Justice (Queen's Bench Division), 2 Gr. Brit. Tax Cases, 246, the appellant was a solicitor residing in the suburbs and carrying on business in the city of Worcester, and held the office of clerk to the Martley Union, in the town of Worcester, as well as clerk to the justices for the division of Bromyard. Martley is 6 miles distant from Worcester, in a northerly direction, and from Bromyard 14 miles, in a westerly direction. There is no railway from Worcester to Martley, nor from Martley to Bromyard. There is a railway from Worcester to Bromyard. Bromyard is thus more easily accessible from Worcester than from Martley, or than Martley is from Worcester. The appellant claimed £15 as a deduction for traveling expenses necessarily incurred in the performance of his duties, under 16 and 17 Vict. c. 34. The surveyor of taxes disallowed this deduction on the ground that the cost of railway journeys between appellant's residence or place of business as a solicitor and the court wherein he discharged his duties was not allowable under the statute, inasmuch as this expense was not incurred in the performance of official duties. The court said:

Now, suppose a gentleman lives at Worcester or lives at Torquay, it can not be said his traveling from the place where he lives, whether near or far, to the place where he has to discharge his duties, is a traveling expense in the performance of those duties; he must consider that the sum he receives is to cover the expense of traveling and he can take it or not as he likes; but having taken it he can not charge this as a deduction. * * * I can not see any difference in this case and the case of a man having an office in London who chooses for his convenience or pleasure or domestic necessity, as the case may be, to live and occupy a house at Brighton, and pay his ticket up to town every day. It was never contemplated that they should be called expenses necessarily incurred in the transaction of his business.

The foregoing was approved and cited as controlling in *Revell* v. *Directors, etc.*, 3 Gr. Brit. Tax Cases 12.

If the automobile in question in the instant appeal were used in the furtherance of the business in which the taxpayer was engaged it would have been properly deductible as an expense of the partnership in ascertaining the statutory net income of the partnership available for distribution to the partners. The taxpayer testified that there was no agreement upon which to predicate such a deduction.

The expense is clearly a personal expense and is not deductible.