J. N. Flowers v. Commissioner.
Flowers v. Commissioner
Docket No. 3539.
United States Tax Court
1944 Tax Ct. Memo LEXIS 144; 3 T.C.M. (CCH) 803; T.C.M. (RIA) 44263; August 7, 1944
*144 J. N. Ogden, Esq., 104 St. Francis St., Mobile, Ala., for the petitioner. James L. Backstrom, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined deficiencies in income tax against the petitioner of $105.19 and $485.88 for 1939 and 1940, respectively. The only issue presented is whether the petitioner is entitled to deductions of $900 and $1,620 taken by him in those years as traveling expenses. Findings of Fact The petitioner resides at Jackson, Mississippi, and filed his 1939 and 1940 income tax returns with the Collector in that city. The petitioner is an attorney and during the taxable years was employed by the Gulf, Mobile & Northern Railroad and its successor, the Gulf, Mobile & Ohio Railroad. He began the practice of law in Mississippi in 1896. In 1903 he moved to Jackson where he served as assistant attorney general of the State of Mississippi until 1906, when he resigned to enter a law firm in Jackson. Sometime after terminating that connection, he formed a law firm which conducted business in Jackson and which, since 1922, has been known as Flowers, Brown & Hester. The petitioner began representing the *145 predecessors of the Gulf, Mobile & Ohio Railroad in 1906, and from that time until about 1918 or 1920, he "tried cases up and down the road," practically all of them being in Mississippi. His connection from about 1918 or 1920 until 1927 was that of special counsel in Mississippi in which state was located from 80 percent to 90 percent of the company's properties. In 1927 he was elected to the position of general solicitor for the Gulf, Mobile & Northern Railroad by its board of directors. He continued to be elected to that position each year until 1930 when he was elected general counsel. There-after he was annually elected general counsel until September 1940, when, upon completion of the merger of the properties of the Mobile & Ohio Railroad with those of the Gulf, Mobile & Northern and the formation of the Gulf, Mobile & Ohio, he was elected vice president and general counsel. Since 1903 the petitioner and his family have resided in Jackson. They have resided on the same site since 1912, the petitioner having in 1917 and 1918, built the house in which they now reside. The principal office of the Gulf, Mobile & Ohio Railroad is in Mobile where the principal office of the Gulf, *146 Mobile & Northern was also located. When petitioner was offered the position of general solicitor in 1927, he was not willing to accept it if his acceptance required him to move to Mobile. He had established himself in the practice of law in Jackson, had built his own home and had his personal and business connections there and did not desire to move away. Because of that situation, he requested, before accepting the position of general solicitor, that an arrangement be made whereby he could continue his residence in Jackson. As a consequence, an understanding was entered into between him and the railroad company by which he could continue to make his home in Jackson on condition that he pay his traveling expenses between Mobile and Jackson and pay his living expenses in both Mobile and Jackson. This arrangement, which permitted the petitioner to determine for himself the amount of time he would spend in each of the places, continued through the taxable years involved herein, though at times there has been some complaint about the fact that he did not spend more time in Mobile where his office as general counsel in 1939, and as vice president and general counsel in 1940, was located. *147 The petitioner's name has been continued in the name of his law firm but he has not participated in the conduct of its business nor shared $ in its income. The firm has been and continues as division counsel for the railroad company, and the members of the firm discussed with him, when he was in Jackson, any questions relating to railroad business or other matters in which they were interested. The petitioner's employment by the railroad company as general solicitor, and later as general counsel and as vice president and general counsel, did not prohibit him from accepting other legal employment. For a few years following 1927, he had a substantial amount of such employment, but afterwards it became only occasional, and during the taxable years in controversy he had none. While the railroad company provided petitioner with an office in Mobile, it did not provide him with one in Jackson. His law firm furnished him with office space in Jackson, and he used his own office furniture and fixtures, except a typewriter and a desk for his secretary, which were furnished by the railroad company. The petitioner continued to own an interest in the law firm's library, which he used. The railroad *148 company furnished petitioner's Jackson office with telephone service, and paid the expenses, while in Jackson, of petitioner's secretary, who usually accompanied him to that city. Before the merger, as well as afterwards, the greater portion of the railroad company's properties was located in Mississippi, and the bulk of the litigation in which the company was involved was conducted in that state. Most of the legal business of the company in Mississippi $ was centered in or conducted from Jackson, but this business was handled by local counsel for the railroad, petitioner's participation being advisory only and no different from his participation in similar business handled by local attorneys for the railroad in other areas and localities. The following is a statement by months during the taxable years in controversy of the approximate number of days petitioner spent in Jackson, in Mobile, and elsewhere, together with the number of trips made from Jackson to Mobile, and from Mobile to Jackson: Trips from
Jackson
Days
to Mobile
in
Days
* Days
and from
Jack-
in
Else-
Mobile to
1939
son
Mobile
where
Jackson
January
20
3
8
1
February
16
2
10
2
March
11
15
5
4
April
13
17
May
14
17
6
June
13
2
15
1
July
15
5
11
4
August
28
3
2
September
21
2
7
3
October
24
7
6
November
13
3
14
1
December
15
7
9
3
Total
203
66
96
33
1940
January
25
3
3
2
February
18
9
2
3
March
17
7
7
5
April
8
11
11
5
May
8
4
19
2
June
18
12
4
July
15
5
11
3
August
13
7
11
2
September
6
8
16
2
October
13
6
12
3
November
14
15
1
7
December
13
15
3
2
Total
168
102
96
40
*149 Generally speaking, the petitioner performed his principal work for the railroad company at its main office in Mobile. However, during 1939 and 1940, he devoted practically all of his time to matters relating to the merger of the properties of the Gulf, Mobile & Northern and the Mobile & Ohio, and since it was left to him where he would do his work, he spent most of his time in Jackson. In connection with the merger, one of the companies was involved in certain litigation in the Federal court at Jackson. and petitioner participated in that litigation. There was no direct route between Mobile and Jackson. Petitioner nearly always went through New Orleans in making the trip between the two points, and at times spent the night there. As he had a railroad pass he paid no train fare but did have to pay seat or berth fare. The railroad company paid all of petitioner's traveling expenses when he went on business trips to points other than Jackson or Mobile, but it paid none of his expenses in traveling between these two points *150 or while he was at either of those two points. The petitioner's salary as general counsel in 1939 was $17,000, and as vice president and general counsel in 1940 was $25,536.40. In his income tax returns for 1939 and 1940, the petitioner deducted $900 and $1,620, respectively, as traveling expenses incurred in making trips between Jackson and Mobile, and living expenses while in Mobile. In determining the deficiencies involved herein, the respondent disallowed the deductions. Opinion The only issue involved is whether, under the circumstances presented, the deductions taken by petitioner in the respective taxable years as traveling expenses between Jackson and Mobile and living expenses while in Mobile, come within the provisions of and are allowable under section 23(a)(1) of the Internal Revenue Code, or fall within the provisions of section 24(a)(1), and were properly disallowed by the respondent. Section 23(a)(1), supra, provides for the allowance as a deduction of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business," while section 24(a)(1), supra, provides that no deduction shall *151 be allowed in respect of "Personal, living, or family expenses." The position of the petitioner is that, for whatever reason that appealed to him, he was free to make his home wherever he saw fit, and he made it at Jackson; that it was necessary for part of his work to be done in Jackson and part of it in Mobile; that this required him to travel between the two places and in doing so he was traveling on business; that under these circumstances the expenditures incurred in traveling between the two cities and for meals and lodging while in Mobile constituted the kind of expenses which section 23(a)(1), supra, provides shall be deductible. Since 1927 the headquarters of petitioner's employers have been at Mobile, where, during that time, they furnished petitioner with an office for the performance of his duties. Having provided him with an office at headquarters, they did not furnish one elsewhere. During this period his employers did not require him to make his home in Mobile and perform all of his work at the office they furnished him, but permitted him to make his home in Jackson and do part of his work there under a special arrangement entered into at petitioner's request *152 and under which petitioner paid his traveling expenses between the two cities and his living expenses while in each. Apparently the employers regarded such traveling expenses as personal expenses of the petitioner which properly should be borne by him since he preferred to continue making his home in Jackson and do part of his work there instead of moving to Mobile and doing all his work at the office which they were providing at their headquarters. So far as disclosed, the petitioner would have been required to bear the expenses of his own meals and lodging if he had moved to Mobile. So apparently his employers considered that since he continued to reside in Jackson, it was proper that he should pay for his meals and lodging while in both Mobile and Jackson. When petitioner traveled on business for his employers to points other than Mobile and Jackson, they paid his traveling expenses. Petitioner's intimation that his employers required him to travel between Jackson and Mobile on business for them at his own expense is refuted by his testimony to the effect that if he had been in Mobile and a matter came up in Jackson requiring him to go there after which he would have had to return *153 to Mobile, his employers would have been charged with the expenses of the trip. In support of his position, the petitioner relies strongly on Coburn v. Commissioner, 138 Fed. (2d) 763, and Harry F. Schurer, 3 T.C. 544, in which the taxpayers were allowed deductions for traveling expenses and meals and lodging while away from home. Those cases do not aid the petitioner. The facts in them were materially different from those presented here. In each of those cases the taxpayers had for long periods of years maintained homes and resided in the cities in which they had followed their trade or business. During the taxable years involved, they accepted several short-term or temporary employments at places other than the cities in which they resided which employments required their absence from home. The total time spent away from home in each case was substantially less than a year. The petitioner contends that since he was elected to his employment for only a year at a time, his employment is likewise to be regarded as only short-term or temporary. We think the answer to this is to be found in the fact that he had only one *154 period of employment each year and that was for a full and continuous period of twelve months, and he makes no claim that in accepting the positions which he held with the railroad from and after 1927 he did not in fact look upon it as being continuous in character. The situation presented in this proceeding is, in principle, no different from that in which a taxpayer's place of employment is in one city and for reasons satisfactory to himself he resides in another. In such a situation, expenditures incurred by the taxpayer in traveling between the two cities is a personal expense and not deductible. Frank H. Sullivan, 1 B.T.A. 93; Mort L. Bixler, 5 B.T.A. 1181; Jennie A. Peters, 19 B.T.A. 901; Walter M. Priddy, 43 B.T.A. 18. Since, during the taxable years involved herein, the petitioner had no employment aside from that of the railroad companies, and rendered no service to his law firm or to others in Jackson entitling him to income therefrom, we must conclude that the expenditures involved in the instant proceeding represented personal or living expenses, *155 the deduction of which is prohibited by section 24(a)(1), supra. Decision will be entered for the respondent. Footnotes
*. The days spent elsewhere than in Jackson or Mobile represent time spent in Washington, New York, New Orleans, Baton Rouge, Memphis, and Jackson, Tennessee.↩