Richard C. Disney and Ena Aline Disney v. Commissioner.
Disney v. Commissioner
Docket No. 84020.
United States Tax Court
T.C. Memo 1961-177; 1961 Tax Ct. Memo LEXIS 168; 20 T.C.M. (CCH) 901; T.C.M. (RIA) 61177; June 16, 1961
*168 Respondent's determination disallowing petitioners' deductions in computing adjusted gross income of an alleged $2,250 loss on sale of a trailer home used as a dwelling and $251 of alleged business expenses, sustained. C. J. Lambert, Esq., Box 344, Sigourney, Iowa, for the petitioners. Joseph D. Skinner, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in Federal income tax for the year 1958 in the amount of $465.03. The issues are whether, in computing their adjusted gross income, petitioners are entitled to deduct a loss on the sale of a trailer home used as a personal residence, *170 and depreciation and cost of small tools, and telephone expenses. Findings of Fact Richard C. and Ena Aline Disney resided during the year 1958 at Sigourney, Iowa. They filed a timely joint Federal income tax return for the year 1958 with the district director of internal revenue for the district of Iowa. On August 3, 1959, they filed an amended joint income tax return for the year 1958 with the same district director. During 1958 Richard was employed by Century Motors, Sigourney, Iowa, as an auto body mechnic and body shop manager, for which he was paid compensation in the total amount of $5,281.51. Ena Aline was employed by C. J. Lambert, attorney at law, Sigourney, Iowa, for which she was paid compensation in the total amount of $1,456. Petitioners also received interest income in the amount of $25.27 during the year 1958. On their return for the year 1958 petitioners claimed on Schedule D attached to said return a loss allegedly sustained on the sale of their personal residence in the amount of $2,250. This item was referred to as "Trailer Home used as dwelling." It was purchased in 1952 and sold in 1958. During the intervening period it was occupied as their personal residence. *171 On their return for the year 1958 petitioners claimed a loss from business in the total amount of $251 on Schedule C (entitled "Profit (or loss) from business or profession") attached to said return. There was an error in addition in this schedule and the amount, correctly totaled, is $351.35 as shown below: Depreciation on Business Tools
$ 60.00
Taxes
117.30
State Income Tax
76.69
Small Tools (new)
15.81
Liability Insurance
56.25
Bank Expense and Tax Service
17.50
Interest on Loan
7.80
$351.35
Petitioners deducted the foregoing amounts of $2,250 and $251 in computing their adjusted gross income for the year 1958. Respondent disallowed both deductions. On their amended income tax return petitioners claimed a loss from business on Schedule C in the amount of $158.38 as follows: Depreciation on Business Tools
$ 80.00
Telephone
45.00
Small Tools
15.88
Bank Expense and Tax Service
17.50
$158.38
On the amended income tax return petitioners claimed itemized deductions in the amount of $444.22 (excluding the alleged $2,250 loss on the sale of petitioners' residence) as follows: Red Cross, Polio, Crippled Children,
Cancer
$ 10.00
Interest on Loan
7.80
State Sales Tax on Material for
Building Home in 1958
100.00
Car License (9 months)
30.00
Personal Property Tax
40.97
Sales Tax on New Furniture & Gro-
ceries
48.18
1958 Chevrolet Sales Tax
46.33
1957 State Income Tax
76.69
State Gas Tax
28.00
Insurance (Liability)
56.25
$444.22
*172 Opinion In computing their adjusted gross income for the year 1958, petitioners deducted $2,250 as a loss allegedly incurred in the sale of a trailer home which had been used by them as their personal dwelling or residence. Respondent disallowed the deduction for the stated reason that "The loss of $2,250.00 on sale of 'Trailer Home Used as Dwelling' is disallowed since such loss fails to qualify as a deductible loss under section 165 of the Internal Revenue Code." Apart from the question of substantiation, the alleged loss is clearly not deductible. Under the applicable statute and regulations, which are set forth marginally, [1] a loss sustained on the sale of residential property held by the taxpayer for use as his personal residence is not deductible, unless taxpayer can come within the provisions of section 165(c)(1) or (2). See Harold K. Meyer, 34 T.C. 528; James E. Austin, 35 T.C. 221 (on appeal to C.A. 2). Petitioner has shown neither conversion from personal use to incomeproducing purposes nor that the trailer was purchased primarily as an investment, rather than as a residence. The mere abandonment of the trailer as their *173 residence and the possibility that it could have been rented would not change its personal and residential character for purposes of section 165. *174 Petitioner, on brief apparently recognizes the force of Harold K. Meyer, supra, but attempts to distinguish it on the ground that the trailer-home was on wheels and not attached to the real estate as in the case of the ordinary residence. He cites no authority for his contention and we are aware of none. Neither the statute nor the regulations make such a distinction. The result would be the same if we were to consider the trailer strictly as a motor vehicle such as an automobile. See section 262, Internal Revenue Code of 1954; Frank H. Sullivan, 1 B.T.A. 93. Accordingly, respondent's determination as to this issue is sustained. The second issue relates to the deduction claimed by petitioners for depreciation and cost of small tools purchased by Richard and used by him in connection with his employment as a mechanic by Century Motors, and the cost of maintaining a telephone in their residence. Section 62(1) provides as follows: SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: (1) Trade and *175 business deductions. - The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee. [Italics supplied.] Both petitioners were engaged in performing services as employees during the year in question. Neither was an independent contractor and they have not shown that the expenses in question fall within any of the categories of trade and business deductions allowable to employees under section 62(2). [2] We hold that, for the purpose of computing their adjusted gross income, petitioners are not entitled to deduct depreciation and cost of small tools purchased by Richard for use by him in connection with his employment as a mechanic by Century Motors. Cf. Godfrey M. Weinstein, 29 T.C. 142, 146. *176 Petitioners have also failed to establish that the maintenance of a telephone in their residence was made a condition of their employment. While some of the expenses which petitioners have claimed as business expense deductions might have been deductible (if substantiated) as itemized deductions from adjusted gross income (see sections 61, 63(a) and 161), in lieu of the standard deduction, it is to be noted that their total, together with other itemized deductions ($158.38 + $444.22 =$602.60), not including the claimed loss on the sale of their trailer-home, would not exceed the 10 percent standard deduction under section 141 ($676.28) which respondent has allowed. Accordingly, respondent's determination with respect to the second issue is likewise sustained. Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code of 1954. SEC. 165. LOSSES. (a) General rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on losses of individuals. In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * * * * *
Income Tax Regulations. Sec. 1.165-1 Losses. - (a) Allowance of deduction. Section 165(a) provides that, in computing taxable income under section 63, any loss actually sustained during the taxable year and not made good by insurance or some other form of compensation shall be allowed as a deduction subject to any provision of the internal revenue laws which prohibits or limits the amount of deduction. This deduction for losses sustained shall be taken in accordance with section 165 and the regulations thereunder. * * *
(e) Limitation on losses of individuals. In the case of an individual, the deduction for losses granted by section 165(a) shall, subject to the provisions of section 165(c) and paragraph (a) of this section, be limited to: (1) Losses incurred in a trade or business; (2) Losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * * * * *
Sec. 1.165-9. Sale of residential property. - (a) Losses not allowed. A loss sustained on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible under section 165(a). * * *↩
2. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: * * *
(2) Trade and business deductions of employees. - (A) Reimbursed expenses. - The deductions allowed by Part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer. (B) Expenses for travel away from home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. (C) Transportation expenses. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of transportation paid or incurred by the taxpayer in connection with the performance by him of services as an employe. (D) Outside Salesmen. - The deductions allowed by part VI (sec. 161 and following) which are attributable to a trade or business carried on by the taxpayer, if such trade or business consists of the performance of services by the taxpayer as an employee and if such trade or business is to solicit, away from the employer's place of business, business for the employer. * * *↩