ROBERT LOHR AND PATRICIA LOHR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lohr v. Commissioner
Docket No. 9083-74.
United States Tax Court
T.C. Memo 1976-308; 1976 Tax Ct. Memo LEXIS 94; 35 T.C.M. (CCH) 1382; T.C.M. (RIA) 760308; September 29, 1976, Filed Thomas J. Carley, for the petitioner. Gerald V. May, Jr., for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $552 for the taxable year 1972. Concessions having been made, the sole issue remaining for our decision is the deductibility of expenses incurred by the petitioner, Robert Lohr, in traveling between his residence and his places of employment. Some of the facts have been stipulated and are found accordingly. Petitioners are *95 Robert Lohr and Patricia Lohr, husband and wife, whose legal residence at the filing of the petition herein was Box 82, Broadheadsville, Pennsylvania. Petitioners filed a joint Federal income tax return for the taxable year 1972 with the district director of internal revenue at Philadelphia, Pennsylvania. During the taxable year 1972 petitioner [1] was a carpenter who obtained employment with various contractors through the business agents of a local union. Petitioner received remuneration from the following sources in the following amounts: Sources
Amounts
Wilkeswood Associates
$ 2,906.75
1000 Maplewood Drive
Maple Shade, New Jersey
United Dry Wall
99.40
Post Office Box 545
Pittston, Pennsylvania
Conco, Inc.
2,484.95
301 South Allen Street
State College, Pennsylvania
C. V. Pettinato & Sons, Inc.
864.48
167 Sussex Street
Old Forge, Pennsylvania
Petitioner owned a 1971 International Travelall 4 x 4 truck (which he purchased on January 6, 1971 for $4,702) during the taxable year in issue. *96 During 1972, petitioner drove the Travelall truck to and from the following job sites: Number
Mileage
Total Job Site
Of Days
per Day
Mileage
Hanover Township,
2
100
200
Pennsylvania
Ashley, Penn-
43
88
3,784
sylvania
Wilkes-Barre,
55
90
4,950
Pennsylvania
Pittston, Penn-
18
100
1,800
sylvania
Total
10,734 Petitioner carried his tools and other miscellaneous equipment needed to perform his duties in the Travelall truck during the taxable year in issue. These tools and miscellaneous equipment weighed a total of 150 pounds. On his income tax return for 1972, petitioner claimed deductions totaling $2,870 for the cost of driving between Broadheadsville and the various job sites previously enumerated. These expenses were claimed as follows: Depreciation (1971 Travelall)
$ 1,567
Insurance and Licenses
276
Gas, Oil and Lubrication
537
Repair and Tires
482
Truck Inspection
8
Total
$ 2,870
Petitioner used his own money to pay the expenses incurred by him in operating his International Travelall truck and he was not reimbursed for any driving expenses he incurred. The truck was used solely to travel to *97 and from job sites, and there were no special alterations made to the Travelall truck in order for petitioner to carry his tools to work. Public transportation between petitioner's residence, and the job sites, was not a practical method of transportation during the taxable year 1972. Due to the inadequacy of such transportation, petitioner would have had to proceed to the job sites by private vehicle even if he were not carrying his tools and equipment. Respondent, in a statutory notice of deficiency, disallowed petitioner's claimed business expenses as constituting personal commuting expenses, which are nondeductible under section 262, [2] rather than business expenses deductible under section 162. OPINION The sole issue before this Court is the deductibility of petitioner's cost of travel between his residence and the various job sites to which he was assigned. During the year in question, 1972, the petitioner was a carpenter who traveled from his residence to various job sites to which he was assigned by the business agents of the local union that he *98 belonged to. Petitioner made these trips in his personal Travelall truck in which he would carry the tools of his trade and other equipment weighing a total of approximately 150 pounds. On his 1972 income tax return, petitioner deducted the sum of $2,870 as expenses attributable to the cost of traveling between his residence and the job sites. Petitioner places primary reliance on his argument that disallowance of the commuting expenses herein is unconstitutional.It is not clear whether or not he also contends that the necessity of carrying tools makes the expenses deductible. [3]
*99 It is clear that the petitioner cannot deduct such expenses under section 162(a) as ordinary and necessary business expenses because of the "commuter rule." The commuter rule, as developed in a long series of cases dating back to Frank H. Sullivan,1 B.T.A. 93 (1924), provides that the normal expenses of commuting between one's residence and place of business are not deductible unless the taxpayer can show that he sustained expenses which he would not have had but for the necessity of having to transport his tools and equipment. Fausner v. Commissioner,413 U.S. 838(1973); Commissioner v. Flowers,326 U.S. 465 (1946); Eugene G. Feistman,63 T.C. 129 (1974). The record here shows that there was no public transportation between the petitioner's place of residence and his various job sites during the year in question, 1972. Therefore, we conclude that even if he did not have to transport his tools to and from job sites the petitioner would have used a private vehicle for transportation. The petitioner has presented no evidence to show that any part of his transportation expenses were incurred because of the necessity *100 of transporting his tools. It is not enough * * * that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. * * * [Eugene G. Feistman,supra at 135.] Thus, petitioner's commuting expenses are personal, nondeductible expenses under section 262 rather than deductible business expenses under section 162. See secs. 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs.
However, the petitioner challenges the constitutionality of the commuter rule. His position is that the Sixteenth Amendment only empowers Congress "to lay and collect taxes on incomes," and thus a tax on petitioner's total salary undiminished by such commuting expenses constitutes a taxation of more than just income. Cited in support are Lela Sullenger,11 T.C. 1076 (1948) which held that to determine gross taxable income the cost of goods sold, even if in excess of O.P.A. prices, must be deducted from gross receipts, and Davis v. United States,87 F. 2d 323 (2nd Cir. 1937), cert. den. 301 U.S. 704 (1937), which stated *101 in dicta that certain types of deductions were constitutionally required for the tax imposed to be a tax on income and not capital.
While a certain, limited class of deductions may be required to insure that the tax is imposed only upon "income", [4] the general rule, as announced by the Supreme Court in Commissioner v. National Alfalfa Dehydrating & Milling Co.,417 U.S. 134, 148-149 (1974), is that "[the] propriety of a deduction * * * 'depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.' New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934) * * *". The characterization of commuting expenses as personal rather than business expenses is not so irrational as to be violative of the Constitution. Commuting expenses vary between taxpayers based upon the distance they choose to live from their place of work. This choice is largely a function of personal preference and not business oriented considerations. Obviously an individual is free to fix *102 his residence wherever he chooses. He fixes it according to his personal convenience and inclinations, as a matter separate and apart from business. Any expense, therefore, incident to such residence as fixed by the individual is a matter personal to him. * * * [Frank H. Sullivan,supra at 95.] Although the Supreme Court has not expressly considered the constitutionality of the commuter rule, it has found such expenses to be "non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of * * * business." Commissioner v. Flowers,supra at 473. Petitioner raised these identical constitutional arguments in a previous case involving a quite similar set of facts. Robert E. Lohr,T.C. Memo. 1975-175. At the time we found his arguments "unpersuasive." We see no reason to change our position at this time. Decision will be entered under Rule 155.
Footnotes
1. Since Particia Lohr is a party to this action solely by reason of filing a joint return with her husband, Robert Lohr, will be referred to as petitioner.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Petitioner did not at any point (either in opening statement of counsel, original brief or reply brief) place reliance on Rev. Rul. 53-190, 1953-2 C.B. 303, and no evidence was introduced to indicate whether the job sites were within the normal working area wherein the Local routinely assigned petitioner and others working out of the Local to duty. Nor is there any evidence to indicate which of the assignments in issue may have been temporary, within the meaning of Rev. Rul. 53-190 (although it is probable that at least two of the assignments were temporary). Cf. Lawrence W. Norwood,66 T.C. 467↩ (1976).
4. See generally, Note, "Taxability of Gross Income Under the Sixteenth Amendment," 36 Col. L. Rev. 274↩ (1936).