ABDELFATTAH MAHMOUD ELSHINNAWY AND ARLENE JOAN ELSHINNAWY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elshinnawy v. Commissioner
Docket No. 30514-81.
United States Tax Court
T.C. Memo 1985-401; 1985 Tax Ct. Memo LEXIS 234; 50 T.C.M. (CCH) 661; T.C.M. (RIA) 85401; August 7, 1985. Thomas F. Martin, for the petitioners. Timothy J. Snyder, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 in the amount of $5,624.89. After concessions, the issue for decision is whether petitioners are entitled to deduct $10,255 as an ordinary and necessary business expense under section 162 [1] for travel, food and lodging, for the taxable year 1978. *235 FINDINGS OF FACT Petitioners, husband and wife, were residing in Collegeville, Pennsylvania when the petition in this case was filed. Petitioner Arlene J. Elshinnawy is a tenured teacher; since 1966 she has been employed by the Upper Merion Area School District. Petitioner Abdelfattah M. Elshinnawy (petitioner or Elshinnawy) is a mechanical engineer with several advanced degrees including a Ph.D. in mechanical engineering. In the beginning of 1977 petitioner was employed by Westinghouse Electric. However, by mid-September petitioner and 24 other engineers were laid off. Petitioner sought other employment and was hired as a Senior Technical Specialist by Curtiss-Wright beginning December 6, 1977. Petitioner continued to seek employment at this time because he believed that his job situation at Curtiss-Wright was unstable. Although petitioner was not laid off in 1978, other mechanical engineers were. In fact, petitioner's employment with Curtiss-Wright came to an end on May 29, 1981, 41 months after he started work on December 6, 1977. Curtiss-Wright is located in Woodridge, New Jersey which is approximately 155 miles from Collegeville, Pennsylvania. Because of the distance *236 between Collegeville and Woodridge, petitioner did not travel back and forth to work each day. Instead petitioner stayed in Woodridge, traveling back to Collegeville on Wednesdays and weekends. Initially petitioner stayed in a hotel, but by May of 1978 he was renting a room in Woodridge. He paid a total of $960 for the room in 1978.Curtiss-Wright also covered some of petitioner's living expenses for the first 60 days of his employment. Temporary living expenses paid by Curtiss-Wright included: Car Expenses
$3,154.20
Meals
889.55
Lodging
1,286.25
Telephone
78.70
Total Expenses
$5,408.70
Petitioner submitted travel vouchers for these expenses and was, in turn, reimbursed by Curtiss-Wright. Petitioners filed their 1978 Federal income tax return with the Internal Revenue Service at the Philadelphia Service Center, Philadelphia, Pennsylvania. In calculating adjusted gross income, petitioner deducted $10,255 as a business expense on line 23 of Form 1040. [2] This figure consisted of the cost of meals, lodging and transportation incurred by reason of petitioner's employment with Curtiss-Wright. Respondent disallowed the deduction in its entirety on the grounds *237 that petitioner's employment was indefinite rather than temporary, and alternatively for lack of substantiation by adequate records. OPINION Petitioner claims business expense deductions for travel and lodging in excess of amounts determined allowable by respondent. The notice of deficiency is presumed correct, and petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Personal living expenses are normally non-deductible. See section 262. The cost of meals and lodging is personal and therefore not generally deductible in arriving at net income. Furthermore, commuting expenses to from work have always been treated as non-deductible. Sullivan v. Commissioner,1 B.T.A. 93 (1924). However, some normally personal expenditures are deductible if they are "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish *238 or extravagent under the circumstances) while away from home in the pursuit of a trade or business." Section 162(a)(2). The purpose of allowing this deduction "is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicative living expenses." Kroll v. Commissioner,49 T.C. 557, 562 (1968). A taxpayer's home for purposes of section 162(a)(2) is his principal place of business. Tucker v. Commissioner,55 T.C. 783 (1971); Garlock v. Commissioner,34 T.C. 611 (1960); Priddy v. Commissioner,43 B.T.A. 18 (1940). Since petitioner's principal place of business from December 6, 1977 to May 29, 1981 was at Curtiss-Wright, under the general rule, Woodridge, New Jersey was his "tax home" during this period. Nevertheless, a taxpayer's personal residence may be his "tax home" if the place of business is temporary rather than indefinite. See Peurifoy v. Commissioner,358 U.S. 59, 60 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957). A place of business is a temporary place of business *239 if the termination of employment could be foreseen within a short period of time. Petitioner argues that his employment at Curtiss-Wright should be considered temporary because there was a possibility that he would be laid off. Under the circumstances, we find this to be indicative of an indefinite position with Curtiss-Wright. Employment is for an indefinite, substantial, or indeterminate period of time if "its termination cannot be foreseen within a fixed or reasonably short period of time." Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). The record before us gives us no basis for concluding that petitioner foresaw, or could reasonably have foreseen termination of his employment with Curtiss-Wright within a short period. In fact, petitioner maintained his job at Curtiss-Wright for a period of 3 years and 5 months. [3] Accordingly, we find petitioner's employment with Curtiss-Wright was indefinite at its inception thereby precluding the deductions petitioner took in 1978. *240 Petitioner does not fall within the exception to the general rule that a taxpayer's place of business is his "tax home." Therefore, expenses for meals and lodging in Woodrige, New Jersey, are not deductible because petitioner was not "away from home" for the purpose of section 162(a)(2). Accordingly, expenses in traveling to and from Woodridge, New Jersey, are merely commuting expenses and not deductible. For the above reasons, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. Petitioners also claimed $1,826 as charitable contributions and $1,320 for maintaining a home office. Both deductions were disallowed by the Commissioner. Petitioners do not contest this determination.↩
3. We were not given an explanation for petitioner's termination at Curtiss-Wright. We do know by stipulation of both parties that petitioner is now employed with the United States Navy at Lakehurst, New Jersey, a distance of 82 miles from Collegeville, Pennsylvania.↩