T.C. Summary Opinion 2001-188

UNITED STATES TAX COURT

WAYNE ROBERT AND PATRICIA A. ROGERS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1068-01S.          Filed December 21, 2001.

Wayne Robert and Patricia A. Rogers, pro sese.

<u>Louise R. Forbes</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1997 and 1998, the taxable years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes for 1997 and 1998 in the amounts of $4,105 and $3,514, respectively.

The issues for decision are as follows:

(1) Whether petitioners are entitled to Schedule C deductions for "Car and truck expenses" for 1997 and 1998. We hold that petitioners are not.

(2) Whether petitioners are entitled to Schedule C deductions for "Employee benefit programs" for 1997 and 1998. We hold that petitioners are not.

(3) Whether petitioners are entitled to a Schedule C deduction for "Insurance" for 1997. We hold that petitioners are not.

## Background

Some of the facts have been stipulated, and they are so found.

Petitioners resided in Wilmington, Massachusetts, at the time that their petition was filed.

For the sake of convenience, we shall hereinafter refer to petitioner Wayne Robert Rogers as petitioner.

### A. Petitioner's Business as a Computer Consultant

Petitioner has worked as a self-employed computer consultant for many years. During 1997 and 1998, the years in issue, petitioner had a single client, Bainbridge International, Inc.

(Bainbridge). The Bainbridge office was located south of Route 128 in Canton, Massachusetts, within the Boston metropolitan area.

Except for days on which he was traveling for Bainbridge outside of Massachusetts, petitioner commuted from his home in Wilmington, a community proximate to Route 128 and within the Boston metropolitan area, to the Bainbridge office in Canton. Petitioner's commute typically took 45 minutes in the morning and anywhere from 45 minutes to 1-¼ hours in the evening.

At least when he was not traveling for Bainbridge outside of Massachusetts, petitioner's typical workweek consisted of 45 to 48 hours. The vast majority of this time was spent at the Bainbridge office in Canton. Petitioner spent relatively little time working at home.

### B. Petitioners' Income Tax Returns

Petitioners timely filed joint Federal income tax returns for 1997 and 1998. In each instance, petitioners attached to their returns a Schedule C, Profit or Loss From Business, for petitioner's business as a computer consultant.

Petitioner reported income and claimed expenses on his Schedules C for 1997 and 1998 as follows:

|  | 1997 | 1998 |
|---|---|---|
| Gross income | $108,394.70 | $97,614.34 |
| Less: total expenses | -20,364.10 | -18,218.09 |
| Net profit | 88,030.60 | 79,396.25 |

Included among the deductions claimed by petitioner on his Schedules C for 1997 and 1998 were the following:

|                            | 1997    | 1998    |
|----------------------------|---------|---------|
| Car and truck expenses     | $8,820  | $9,100  |
| Employee benefit programs  | 2,800   | 2,400   |
| Insurance                  | 1,296   | ---     |

The deductions claimed by petitioner for "Car and truck expenses" represented the cost of commuting between petitioner's home and workplace. The deductions claimed by petitioner for "Employee benefit programs" represented the cost of certain family vacations. The deduction claimed by petitioner for "Insurance" represented monthly premiums paid for a policy of life insurance purchased by petitioner to provide income security for his family in the event of his death.

C.  Notice of Deficiency

In the notice of deficiency, respondent disallowed the Schedule C deductions claimed by petitioner for "Car and truck expenses" and "Employee benefit programs" in 1997 and 1998 and for "Insurance" in 1997. Although respondent agrees that petitioners substantiated these deductions as to payment, respondent contends that the expenditures in question are not deductible as a matter of law.

Discussion

It has long been held that deductions are a matter of legislative grace and "only as there is clear provision therefor

can any particular deduction be allowed." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Deputy v. duPont, 308 U.S. 488, 493 (1940).

Section 261 sets forth the general rule for the disallowance of deductions by stating that "In computing taxable income no deduction shall in any case be allowed in respect of the items specified in this part."[2] Section 262 sets forth another general rule, namely, that "no deduction shall be allowed for personal, living, or family expenses."

It has long been held that the cost of commuting to and from a taxpayer's place of business is a nondeductible, personal expense. Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); Feistman v. Commissioner, 63 T.C. 129, 134 (1974); Heuer v. Commissioner, 32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960); Sullivan v. Commissioner, 1 B.T.A. 93 (1924); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.[3] Accordingly, petitioner is

---

[2] The phrase, "this part", refers to Part IX (Items Not Deductible) of Subchapter B (Computation of Taxable Income) of Chapter 1 of Subtitle A (Income Taxes) of the Internal Revenue Code. Part IX includes secs. 261 through 280H.

[3] This Court has also held that the cost of transportation between a taxpayer's residence and local job sites may be deductible if the taxpayer's residence serves as the "principal place of business" and the travel is in the nature of normal and deductible business travel. E.g., Wis. Psychiatric Servs., Ltd. v. Commissioner, 76 T.C. 839, 849 n.9 (1981); Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980). In the present case,
(continued...)

not entitled to deduct "Car and truck expenses" as claimed on his Schedule C for 1997 and 1998.

Expenditures for family vacations are likewise clearly nondeductible, personal expenses. Sec. 262; Johnson v. Commissioner, T.C. Memo. 1962-23. Accordingly, petitioner is not entitled to deduct expenses for "Employee Benefits Programs" as claimed on his Schedule C for 1997 and 1998.

Finally, premiums paid for life insurance by the insured are nondeductible, personal expenses. Sec. 262; sec. 1.262-1(b)(1), Income Tax Regs.; see also sec. 264(a)(1). Accordingly, petitioner is not entitled to deduct premiums paid for "Insurance" as claimed on his Schedule C for 1997.

Notwithstanding the foregoing, petitioners contend that the expenditures in question should be deductible in order to achieve parity of treatment between employees and the self-employed. However, the question of what "should" be deductible is a political matter that falls exclusively within the authority of Congress. In other words, absent some constitutional defect, we are constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983), and we may not rewrite the law because we may deem its effects susceptible of improvement, see

---

[3](...continued)
however, petitioner's principal place of business was not his residence but rather the Bainbridge office in Canton.

Commissioner v. Lundy, 516 U.S. 235, 252 (1996), quoting

Badaracco v. Commissioner, 464 U.S. 386, 398 (1984).

Accordingly, petitioners' appeal for relief must, in this

instance, be addressed to their elected representatives.[4]

Conclusion

In view of the foregoing, we hold that petitioners are not

entitled to the deductions in issue.  Respondent's determination

is therefore sustained.

Reviewed and adopted as the report of the Small Tax Case

Division.

To reflect our disposition of the disputed issues,

Decision will be entered for

respondent.

---

[4] Regarding petitioners' concern about parity, it must be
acknowledged that differences do exist between the treatment of
employees and the self-employed for tax purposes.  However, our
disposition of the disputed issues in the present case would have
been no different if petitioner had been an employee rather than
a self-employed individual.